IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN BUSCH,<br><br>　　　　　　Plaintiff,<br>v.<br><br>THE CITY OF ALLIANCE, NEBRASKA,<br><br>　　　　　　Defendant. | Case No. 7:14-cv-5012<br><br>COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL |

Sean Busch, by and through his counsel of record, for his cause of action against the Defendant, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of the United States, specifically, The Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, ("ADA"), *as amended* by the Americans with Disabilities Act Amendments Act of 2008, Pub. L. No 110-325, 122 Stat. 3553 (hereinafter "the ADAAA").  All references to the ADA include the ADA, *as amended.*  The actions at issue occurred after January 1, 2009 and are, therefore, covered by the ADAAA.

2. Plaintiff has exhausted the administrative remedies available to him under 42 U.S.C. §§ 2000e, *et seq.* and all conditions precedent have occurred or been performed.  The United States Equal Opportunity Commission issued Plaintiff a Notice of Right to Sue that was dated June 11, 2014, and received by the Plaintiff on June 16, 2014.  This Complaint and Demand for Jury Trial is timely filed within the ninety day period afforded by 42 U.S.C. §§ 2000e-5(f)(1).

3. Venue in this Court is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c), as both parties are residents of and/or are located in the State of Nebraska.

4. Plaintiff Sean Busch ("Busch") is a resident of Alliance, Box Butte County, Nebraska and a citizen of the United States of America.

5. Defendant City of Alliance, Nebraska (the "City"), is a City of the First Class and a Political Subdivision of the State of Nebraska and, at all times relevant herein, has continuously had at least 15 employees.

6. Plaintiff is a "person" and "employee" as defined by the ADA, and Defendant is an "employer" as defined by the ADA.

## FACTUAL ALLEGATIONS

7. Plaintiff Sean Busch was hired as a Police Officer with the City of Alliance, Nebraska on January 4, 199 and, at all times relevant herein, was a Police Officer and employee of the City of Alliance, Nebraska.

8. During the term of his employment, Busch was certified and trained in all required aspects of his position as a Police Officer, and received commendations for his service. Plaintiff's performance evaluations evidence excellent performance as an employee and, at no time prior to 2012, did Defendant suggest that Plaintiff had any performance problems, nor did he.

9. In or about March, 2012, Busch was diagnosed with a bone cyst in his right wrist. As a result of such diagnosis, Busch was forced to work with a medical restriction; Busch's provider imposed a lifting restriction of a maximum of 2 pounds with Busch's right hand. Busch continued treatment for his wrist condition, culminating in surgical treatment in May, 2012.

10. Busch used various mitigating measures during his recovery. These included surgery, physical therapy, rest, and pain medication. He was also burdened with a lifting restriction of a maximum of 2 pounds. Without the use of these mitigating measures, the impairment of Busch's wrist would have worsened.

11. During such treatment, Busch kept the Department informed of his progress, in part by providing several "Attending Physician's Return to Work Forms" to the Department: (1) March 20, 2012; (2) April 17, 2012; (3) June 5, 2012; and (4) July 3, 2012.

12. As a result of his condition, Busch was unable to work beginning March 10, 2012. By May 13, Busch had used all paid leave—vacation, sick leave, and "comp time"—that he had accrued. On May 14, 2012, Busch was approved for leave under the Family Medical Leave Act (FMLA). The FMLA allowed Busch to be off work until August 7, 2012.

13. In June of 2012 Busch requested a reasonable accommodation from his employer. On June 7, 2012, the City's Police Chief made a request to the City Manager to allow Busch return to work on light duty. This work, generally stated, was delinquent administrative work that must be completed by a Police Officer. The Chief, and other members of the Alliance Police Department, all acknowledged that this work was necessary, that Busch would be able to complete it, and that it must be completed by a Police Officer. This work would have allowed Busch to return to work, with such reasonable accommodation, at his normal wage. In addition, the City had an established practice of affording Police Officers with medical restrictions the reasonable accommodation of returning to work on light duty and, in fact, had afforded Busch just such a reasonable accommodation in 2005. Such an accommodation, even if temporary, would have allowed Busch to accumulate additional paid leave that would further assist his recovery.

14. Approximately three weeks later, on June 27, 2012, the City Manager denied this request, instead recommending that Busch assume a temporary position in the City's Community Development Office at half of his regular pay. On information and belief, such action by the City Manager reflected an improper and discriminatory motive and was undertaken without any

specific investigation or inquiry into the extent of Busch's disability or the ability of the Defendant to accommodate them, and without suggesting, proposing, or inquiring about the requested or any other reasonable accommodations.

15. At the time the City Manager denied Busch's request for a reasonable accommodation, the City was aware that Busch was ready and able to return to work if so accommodated, and was able to complete the tasks suggested by the City's Chief of Police and other employees of the City's Police Department.

16. Busch made a second request for a reasonable accommodation on July 11, 2012. This request was never approved or denied by the City.

17. On July 25, 2012, Busch made another request for a reasonable accommodation, this time in the form of a request for extended unpaid leave to begin at the expiration of his FMLA leave. Therein, Busch requested "2 months" of unpaid leave, but noted that

> [a]t this time I am unaware whether or not I will require any or all of this extended time. However, I do not wish to have my [FMLA] leave run out, leaving me without continued employment with the City of Alliance. I have been either denied the opportunity to return to light duty at my full wage or merely just not received a response to my numerous requests to do so.

18. The City Manager refused to address Busch's request without an opportunity to review the full extent of Busch's medical records. This was despite the fact that the City Manager had absolutely no medical training, and no ability whatsoever to effectively review or understand those records. When Busch declined to provide the full extent of his medical records to his employer, the City asked for his resignation. Busch declined to resign, and was then informed that he would be terminated. The City Manager's request to review Busch's medical records,

despite the fact that he had absolutely no medical training, reflected an improper and discriminatory motive and was made without suggesting, proposing, or inquiring about the requested or any other reasonable accommodations.

19. On or about June 5, 2013, Busch filed a charge of discrimination with the Nebraska Equal Opportunity Commission based on retaliation and disability discrimination.

## COUNT I

## WRONGFUL DISCHARGE UNDER TITLE I OF THE ADA

20. Plaintiff incorporates the allegations set forth in the foregoing paragraphs as if fully set forth here.

21. Plaintiff Busch is a "person" and an "employee," and Defendant City is an "employer" and a "covered entity" as those terms are defined at 42 U.S.C. §§ 12111.

22. Because all actions complained of took place after January 1, 2009, the definition of disability in this case is governed by the ADAAA, which greatly expanded such definition, and which requires that terms be construed as broadly as possible.  42 U.S.C. § 12102(4)(A).  Busch has an "actual disability", as that term is defined at 42 U.S.C. § 12102(1)(A), in that at all relevant times referred to herein he had physical impairments that substantially limited one or more of his major life activities.

23. Busch's wrist injury was an impairment that substantially limited his ability to lift and carry objects, eat, drink, care for his personal hygiene, and work in the broad class of jobs requiring lifting, carrying, and general unimpaired dexterity of the hand and wrist.  This is especially true when his condition is considered without regard to the mitigating measures he used, as required by the ADAAA.  Busch had a record of such impairment.

24. Busch's physician estimated that his recovery would require a minimum of six months, with full recovery taking at least a year. For a period of several months, and even with mitigating measures, Busch could not lift and carry objects without restrictions, nor eat, drink, care for his personal hygiene, or work without pain.

25. Prior to his termination, Busch had notified the City of his injuries and resulting limitations, including providing regular indications of the progress of his recovery.

26. At the time of Busch's discharge, he was capable of performing his job with a reasonable accommodation.

27. Busch's discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. The City terminated Busch after it learned of Busch's injuries, and did not make any attempt nor inquire into whether Busch could do his job with or without a reasonable accommodation, steadfastly denied Busch the reasonable accommodation he requested, and did not suggest, propose or inquire into any other reasonable accommodations.

28. Pursuant to 42 U.S.C. § 12112(a), it is unlawful for a covered entity to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees." It is also unlawful to deny employment opportunities to an otherwise qualified individual with a disability if such denial is based on the need for a reasonable accommodation. 42 U.S.C. § 12112(b)(5)(B). Defendant violated both provisions.

29. Busch has been damaged by the City's unlawful acts.

## COUNT II

### FAILURE TO ACCOMMODATE UNDER TITLE I OF THE ADA

30. Plaintiff incorporates the allegations set forth in the foregoing paragraphs as if fully set forth here.

31. Plaintiff Busch is a "person" and an "employee," and Defendant City is an "employer" and a "covered entity" as those terms are defined at 42 U.S.C. §§ 12111.

32. Busch has an "actual disability", as that term is defined at 42 U.S.C. § 12102(1)(A), in that at all relevant times referred to herein he had physical impairments that substantially limited one or more of his major life activities.

33. During the entire period beginning when Busch injured his wrist, Busch was and remains qualified and able to perform his duties as a Police Officer for City, with the reasonable accommodation of a temporary period of light-duty work, additional medical leave, or some combination of the above.

34. As set forth above, Busch requested, numerous times, the reasonable accommodation of temporary light duty work, or additional unpaid medical leave, as he transitioned back to a full-time role as his recovery progressed.

35. City failed to grant the reasonable accommodation requested by Busch despite the fact that light-duty work existed within the Police Department that Busch was ready, willing, and able to perform.

36. City failed to engage in the interactive process and failed to suggest any other reasonable accommodation prior to terminating Busch's employment.

37. Busch has been damaged as a result of City's unlawful acts.

## PRAYER FOR RELIEF

Plaintiff Sean Busch prays that this Court enter judgment in his favor and against the Defendant City of Alliance, Nebraska, and respectfully requests the following relief:

1. Judgment against the Defendant in the amount of economic damages to be determined at trial, to include back pay, front pay, and compensatory damages;

2. Reinstatement;

3. A reasonable attorney's fee, litigation expenses, and the costs of this action; and

4. Such other and further relief as this Court deems to be honorable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Sean Busch demands a trial by jury in North Platte, Nebraska for any and all issues proper to be so tried.

DATED this 4th day of September, 2014.

SEAN BUSCH,

By:   /s/ *Andrew W. Snyder*
Andrew W. Snyder, NSBA #20611
CHALOUPKA, HOLYOKE, SNYDER, CHALOUPKA,
LONGORIA & KISHIYAMA, PC, LLO
1714 Second Avenue; Post Office Box 2424
Scottsbluff, NE 69361
Telephone:  (308) 635-5000
Facsimile:  (308) 635-8000
E-mail:  aws@chhsclaw.net